Lombardo, J.
This is an appeal by the Old King’s Highway Regional Historic District Commission (hereinafter referred to as “the Regional Commission”), from a District Court trial judge’s overturning of a decision of the Regional Commission upholding a denial by the Brewster Historic Committee (hereinafter referred to as “the Town Committee”) of the plaintiff’s application for a Certificate of Appropriateness for a business sign plaintiff sought to erect on her property.
This case comes to us for review under the provisions of Chapter 470 of the Acts of 1973 (hereinafter referred to as “the Act”) which provides specially for an appeal to this Division. Under the provisions of the Act, each of the member towns has its own Historical District Committee which has authority to review applications for a Certificate of Appropriateness. If the work sought to be authorized is determined by a majority of the Town Committee to be inappropriate, the Committee is authorized by SectionTen of the Act to deny said application. Section 10(c) of the Act specifically addresses applications for the erection of signs:
The Committee shall pass upon:—
(c) The appropriateness of the erection or display of occupational, commercial or other signs and billboards within the District wherever a certificate of appropriateness for any such sign or billboard is required tinder Section Six.
Section Six sets out the limitations which can be imposed by the Committee. It states in relevant part that “[n]o ... sign, except as hereinafter provided .... shall be erected on any lot or on... any building or structure within the District, unless and until a certificate of exemption or certificate of appropriateness has been filed with the town clerk....” (emphasis supplied). The section goes on to state that:
Except in cases excluded by Section Seven, no permit shall be issued by the building inspector for any building or structure to be erected within the District, unless the application for said permit shall be accompanied either by a Certificate of Appropriateness or a Certificate of Exemption which has been filed with the town clerk.
Section Seven of the Act allows the Regional Commission to establish a defined geographical area within a town’s historic district (hereinafter referred to as “the exempt area”) within which the activities otherwise limited by Section Six mav be allowed without a hearing upon the issuance of a certificate of exemption.
*167 The lot in question, upon which the sign was to be erected, lies within the Regional Commission’s historic district. However, by a Certificate of Exemption granted to the Town of Brewster in 1981, pursuant to Section Seven of the Act, an exempt area was designated within the town’s district within which the greater part of plaintiffs lot lies. The lot is partially in the exempt area and partially in the non-exempt area of the historic district The lot’s frontage and the building to which the sign would be attached are located entirely within the exempt area.
Thetrialjudgefound that both commissions (Town and Regional) had no jurisdiction over the plaintiffs structure, and therefore that said commissions acted in an arbitrary and capricious manner. Accordingly, the decision of the Regional Commission upholding the Town Committee’s denial of plaintiffs Certificate of Appropriateness was reversed. The Regional Commission filed a Request for Draft Report and Draft Report which, after a hearing, was allowed by the trial judge.
The issue presented is whether the Regional Historic Commission and Town Historic Committee acted in an unreasonable or erroneous manner in their interpretation of Section Seven by their assertion of jurisdiction over plaintiffs property which lies partially within an exempt area. In order to disturb the ruling of the Commission, the trial court must have found its actions to be based upon a legally untenable ground, or as unreasonable, whimsical, capricious or arbitrary.” Anderson et al. v. Old King’s Highway Regional Historic District Commission, 1985 Mass. App. Div. 128 (citing Gumley v. Board of Selectmen of Nantucket, 371 Mass. 718 (1977); MacGibbon v. Board of Appeals of Duxbury, 369 Mass. 512 (1976)).
The Regional Commission in this case was required to interpret the provisions of the Act creating the Regional Commission and provisions within the Certificate of Exemption which allowed the Town of Brewster to create an area exempt from historical restrictions. The Act does not address in particular how properties which overlap the boundaries of exempt areas are to be treated. However, Section One, setting forth the purpose of the Act, does state that its historical restrictions extend to those buildings, settings and places within the boundaries of the regional district Similarly, Sections Six and Ten mandate restriction of signs, structures and lots within the District (emphasis supplied).
The Certificate of Exemption granted to the Town of Brewster by the Regional Commission also addresses this particular issue of overlapping lots. The Certificate states that a property owner can obtain a building permit without having to appear before the Historic District Committee only when he or she can prove beyond a reasonable doubt that his or her property is not in the Historic District (i.e., property within the exempt area). The Town Committee and the Regional Commission have interpreted this language to mean that any property in the exempt area having any portion extending beyond the boundary of the exempt area into the Historic District is subject fully to historic district restrictions.
The meanings of “in” and “within” are subject to reasonable interpretation by the Commission. They are generally regarded as being synonymous and both may refer to lots entirely in a boundary or to those lying partially within. The Act does allow restriction of signs on lots within the District and, therefore, it cannot be said that the Act definitively restricts only signs which are themselves erected within the boundary of the District The Town Committee did not act arbitrarily in restricting the erection of a sign which although not itself within the District is located on a lot which is partially in (i.e., extends into) the District
This is especially so where evidence presented[2] to the Town Committee would support its finding that the questioned activity or structure would be incongruent with the purpose of the Act Anderson, supra at 134. In addition, the Town Committee may *168 deny the erection of a new structure even where similarly incongruous structures already exist in the area Sleeper v. Old King’s Highway Historical District Commission, 11 Mass. App. Ct. 571 (1981). The goal of the creation and regulation of the district was to prevent further harm of the historic value of the vicinity. Therefore, even though signs of equivalent size existed in the area of plaintiff, he could be denied a Certificate of Appropriateness. Anderson, supra at 132.
Accordingly, the decision of the trial judge in overturning the decision of the Commission upholding the Brewster Committee’s denial of the plaintiffs Certificate of Appropriateness is hereby reversed and the Commission’s decision is affirmed. It is further ordered that the sign in question be removed within sixty days from the certification of this decision. Failure to comply with the provisions of this order shall be subject to the enforcement provisions of the aforesaid Act

 The sign to be erected is twelve square feet in area.